851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Anita KAPLAN, Petitioner
v.
U.S. DEPARTMENT OF AGRICULTURE and United States of America,
Respondents
And consolidated case no. 87-1176.
 No. 87-1175.
 United States Court of Appeals, District of Columbia Circuit.
 July 22, 1988.
 
 Before RUTH BADER GINSBURG, STARR and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on briefs filed by the parties on petitions for review of Orders of the United States Department of Agriculture. The court had determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). Substantially for the reasons indicated in the Presiding Officer's decisions, In re: Anita Kaplan, PACA RC 85-1008, filed September 29, 1986, and In re: Milton Kaplan, PACA RC 85-1009, filed September 25, 1986, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petitions for review be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Petitioners Anita and Milton Kaplan seek review of two final orders of the United States Department of Agriculture ("USDA"), declaring them persons "responsibly connected" to Kaplan's Fruit & Produce Co., Inc. ("KFP") during the five-month period in which KFP was found to be in violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. Secs. 499a et seq. (1982 & Supp. IV 1986). The court is satisfied that substantial evidence in the record supports the findings and conclusions of the Presiding Officer regarding petitioners' "responsibly connected" status. See 7 U.S.C. Sec. 499a(9); Veg-Mix, Inc. v. United States Department of Agriculture, 832 F.2d 601, 612 n. 7 (D.C.Cir.1987); Minotto v. United States Department of Agriculture, 711 F.2d 406, 407 n. 3 (D.C.Cir.1983).
 
 
 5
 Under PACA, the rule of "responsibl[e] connect[ion] ... is rebuttable" rather than absolute. Quinn v. Butz, 510 F.2d 743, 756 & n. 84 (D.C.Cir.1975). Petitioners thus bore the burden of rebutting the presumption raised by the weight of the evidence in the record. They failed, however, to adduce any evidence, other than self-serving testimony, to rebut the presumption.
 
 
 6
 Indeed, there is ample support in the record relative to both Kaplans' continued involvement with KFP, even after Frangipani had obtained practical control of the company. The existence of various telltale corporate records (e.g., PACA licensing documents, KFP checks, the Memorandum of Intent and the amendment thereto) undercuts petitioners' disavowal of responsibility. Moreover, the Kaplans' continued course of dealing relative to KFP sales, shareholding and officer responsibilities also undermines their position and further buttresses the conclusion as to their "actual, significant nexus with the violating company." See Veg-Mix, Inc., 832 F.2d at 611; Martino v. United States Department of Agriculture, 801 F.2d 1410, 1414 (D.C.Cir.1986).
 
 
 7
 As there is no reason to disturb the agency's final orders, we deny the petitions for review.